# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
UNITED STATES OF AMERICA and the          )
COMMONWEALTH OF MASSACHUSETTS          )
                                                    )          Civil Action: 15-11890-ADB
                     Plaintiffs,          )
                     *ex rel.*          )
                                                    )
LISA WOLLMAN, M.D.                              )
                                                    )
              v.                                  )
                                                    )
MASSACHUSETTS GENERAL HOSPITAL, INC.)
THE MASSACHUSETTS GENERAL                  )
HOSPITAL'S PHYSICIAN'S ORGANIZATION     )
and PARTNERS HEALTHCARE SYSTEM, INC.  )
                                                    )
                     *Defendants.*          )
_____)

**RESPONSES AND OBJECTIONS OF DEFENDANTS TO RELATOR'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS**

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rules 26.5

and 34.1, Defendants Massachusetts General Hospital, Inc. ("MGH"), The Massachusetts

General Hospital's Physician's Organization ("MGH Physician's Organization), and Partners

Healthcare System, Inc. ("Partners") (collectively, "Defendants") submit these responses and

objections to Plaintiff-Relator's First Set of Requests for Production of Documents (the

"Requests").[1]

_____

[1] Relator served two identical sets of document requests: one to MGH and MGH Physicians Organization, and one
to Partners.  Defendants have consolidated their responses and objections into this single document.

## PRELIMINARY STATEMENT

Defendants' responses to the Requests are based on information known to them at this time, and are set forth without prejudice to their right to supplement these responses or to assert additional objections should they discover additional information or grounds for objection at any time before trial. Defendants' responses are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any document produced or answer provided in response to the Requests; (b) the right to object on any ground to the use of the documents produced or answers provided in response to the Requests at any hearing or trial, or; (c) the right to object on any ground at any time to a demand for further responses to the Requests.

The service of these responses and objections does not constitute a waiver of the attorney-client privilege, the work product doctrine, or any other privilege, law, or immunity from discovery that may be applicable to any information provided, to any document identified, or to information contained in any such document. Production of any document or disclosure of any information that is privileged, that was prepared in anticipation of litigation, or that is otherwise legally protected from production and/or disclosure, is inadvertent and not intended to and does not constitute a waiver of any privilege or of any other ground for objection to discovery of such document or the information contained therein or subject matter thereof or of Defendants' right to object to the use of such document or the information contained therein.

Defendants have responded to the Requests as they interpret and understand them. If Plaintiff-Relator asserts an interpretation of any Request that differs from how Defendants understand that Request, Defendants reserve the right to supplement their objections and/or responses.

To the extent Defendants agree to produce documents, they will conduct a reasonable and diligent search for responsive documents in their possession, custody, and control and produce such responsive, non-privileged documents to the extent they exist. Defendants' responses and objections to the Requests are not intended to imply that Defendants in fact possesses documents responsive to the Requests. Additionally, nothing in Defendants' responses and objections to the Requests is intended to mean that Defendants agree with any implicit or explicit characterization of any facts, events, circumstances, or issues in the Requests.

To the extent that any document Defendants agree to produce contains information beyond the scope of permissible discovery, Defendants reserve the right to redact such document to exclude such information from production.

Defendants' production of documents in this matter will require that the parties confer about the terms of an appropriate protective order relating to confidential, non-public material to be produced by Defendants.

## GENERAL OBJECTIONS

Defendants' responses to the Requests are made subject to the following objections, which apply to each Request as if incorporated and set out in full in response to each:

a)       Defendants object to the Requests to the extent that they seek information beyond the scope of discovery allowed by the Federal Rules of Civil Procedure, including without limitation information that is not reasonably calculated to lead to the discovery of admissible evidence.

b)       Defendants object to the Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, the peer-review privilege, or any other applicable privilege, protection, rule, or duty of confidentiality that precludes or limits the production of documents or disclosure of information.

c)       Defendants object to the Requests to the extent they are vague, ambiguous, or do not describe the information, item, or category of documents sought with reasonable particularity.

d)       Defendants object to the Requests to the extent they purport to require continuing production beyond the requirements of FRCP 26(e).

e)       Defendants object to the "Definitions" to the extent that they are inconsistent with the uniform definitions set forth in Local Rule 26.5.

f)       Defendants object to the production of confidential, non-public records without the entry of an appropriate protective order.

## DEFINITIONS

1.       Defendants object to the definition of "MGH" to the extent that definition purports to include entities and individuals over which Defendants exercise no control and/or who have independent control over information or documents.

2.       Defendants object to the definition of "PARTNERS" to the extent that definition purports to include entities and individuals over which Defendants exercise no control and/or who have independent control over information or documents.

3.       Defendants object to the definition of "COMMUNICATIONS" to the extent that definition differs from the uniform definition provided in Local Rule 26.5.

4.       Defendants object to the definition of "DOCUMENT" to the extent that definition differs from the uniform definition provided in Local Rule 26.5.

5.       Defendants object to the definition of "CONCURRENT SURGERIES" to the extent that definition requires counsel (or anyone other than a teaching or attending physician) to determine what portions of a procedure are key or critical.

6.       Defendants object to the definition of "IMMEDIATELY AVAILABLE" to the extent the cited sources in that definition do not define "immediately available."

4

7.      Defendants object to the definition of "KEY OR CRITICAL PORTIONS OF SURGERIES", "KEY OR CRITICAL" or "KEY OR CRITICAL PORTIONS OF A SURGERY" to the extent the cited sources in that definition do not define "immediately available" and, instead, leave the determination of what is "key or critical" to the judgment of the teaching physician.

8.      Defendants object to the definition of "MEDICARE CLAIMS DATA" to the extent that definition purports to require production of each of the identified fields of data.

9.      Defendants object to the definition of "MASSHEALTH CLAIMS DATA" to the extent that definition purports to require production of each of the identified fields of data.

10.     Defendants object to the definition of "You", "your" and "yours" to the extent that definition purports to include entities and individuals over which Defendants exercise no control and/or who have independent control over information or documents.

### RELEVANT TIME PERIOD

Defendants object to the Relevant Time Period as being overbroad and unduly burdensome.  The earliest alleged violation mentioned in the Complaint is from 2011. Accordingly, Defendants will limit their responses to documents and information from 2011 to present.

### SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1

All litigation holds, preservation holds, or hold orders that MGH and PARTNERS issued in connection with this case or any government investigation relating to (1) MGH and PARTNERS' billing practices, (2) OVERLAPPING SURGERIES, (3) CONCURRENT SURGERIES, (4) practices regarding the scheduling of surgeries, (5) efforts and policies in place to comply with and any other pertinent regulations or guidances regarding presence and

availability requirements that must be satisfied in order to bill to a teaching physician in connection with surgery, (6) efforts to inform patients about the division of work and responsibility between teaching physicians, fellows, and residents in connection with surgery, (7) YOUR understanding of requirements regarding informing patients about the division of work and responsibility between teaching physicians, fellows, and residents in connection with surgery; and (8) reimbursement by MEDICARE and MASSHEALTH for surgical procedures and anesthesia.

**RESPONSE NO. 1:**

Defendants object to this Request because it seeks documents not relevant to the subject matter of this action or to any party's claims or defenses.  Plaintiff-Relator has provided no evidence that Defendants failed to preserve documents in this action, and there is no compelling reason to produce such documents.  Defendants further object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exemption.

**REQUEST NO. 2**

All schedules, DOCUMENTS, and COMMUNICATIONS evidencing, reflecting, and/or RELATING TO the operating schedules for the following departments or divisions: orthopedics, vascular and endovascular surgery, and neurosurgery.

**RESPONSE NO. 2:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedics:  "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients."  Complaint, ¶ 1.  Scheduling documents for vascular-,

endovascular-, and neurosurgery is not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial.

Subject to and without waiving any objections, Defendants will produce the final schedule for orthopedic surgeries involving some degree of procedural overlap.

**REQUEST NO. 3**

Documents sufficient to show each surgery that a teaching physician from the following departments or divisions was assigned to perform and/or supervise: orthopedics, thoracic surgery, vascular and endovascular surgery, and neurosurgery.

**RESPONSE NO. 3:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedic surgeries with some degree of procedural overlap: "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients." Complaint, ¶ 1. Surgical documents for vascular-, endovascular-, and neurosurgery are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial. Likewise, documents related to surgeries with no procedural overlap are not relevant to this action, and Defendants will not undertake the burden of producing them. Defendants further object to the Request because the phrase "teaching physician" is vague and ambiguous.

Subject to and without waiving any objections, Defendants will produce the final schedule for orthopedic surgeries involving some degree of procedural overlap.

**REQUEST NO. 4**

All operating notes, patient records, and patient charts from the surgeries reflected on the schedules produced in response to Request Nos. 2 and 3.

**RESPONSE NO. 4:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedic surgeries with some degree of procedural overlap: "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients." Complaint, ¶ 1. Operating notes, patient records, and patient charts for vascular-, endovascular-, and neurosurgery are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial. Likewise, documents related to surgeries with no procedural overlap are not relevant to this action, and Defendants will not undertake the burden of producing them. Defendants further object to the Request because the phrases "teaching physician," "patient records," and "patient charts" are vague and ambiguous.

Subject to and without waiving any objections, Defendants will produce the operative report, perioperative nursing record, and anesthesia record for orthopedic surgeries involving some degree of procedural overlap.

**REQUEST NO. 5**

All forms signed by surgical patients identified in the surgeries reflected in the documents produced in response to Requests 2 through 4.

**RESPONSE NO. 5:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedic surgeries with some degree of procedural overlap:  "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients."  Complaint, ¶ 1. Forms for vascular-, endovascular-, and neurosurgery are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial.  Likewise, documents related to surgeries with no procedural overlap are not relevant to this action, and Defendants will not undertake the burden of producing them. Defendants further object to the Request because the phrases "teaching physician," "patient records," "patient charts," and "forms" are vague and ambiguous.

Subject to and without waiving any objections, Defendants will produce specimens of each surgical consent form and anesthesia consent form used by MGH during the relevant time period.

**REQUEST NO. 6**

All MEDICARE CLAIMS DATA for surgeries performed in the following departments or divisions: orthopedics, thoracic surgery, vascular and endovascular surgery, and neurosurgery.

**RESPONSE NO. 6:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedic surgeries with some degree of procedural

overlap:  "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients."  Complaint, ¶ 1. Surgical documents for thoracic, vascular-, endovascular-, and neurosurgery are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial.  Likewise, documents related to surgeries with no procedural overlap are not relevant to this action, and Defendants will not undertake the burden of producing them.  Defendants further object to the defined term "MEDICARE CLAIMS DATA" to the extent that definition purports to require production of each of the identified fields of data.

Subject to and without waiving any objections, Defendants will produce a table or chart showing Medicare claims data for orthopedic surgeries involving some degree of procedural overlap.

**REQUEST NO. 7**

All MASSHEALTH CLAIMS DATA for surgeries performed in the following departments or divisions: orthopedics, thoracic surgery, vascular and endovascular surgery, and neurosurgery.

**RESPONSE NO. 7:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedic surgeries with some degree of procedural overlap:  "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients."  Complaint, ¶ 1. Surgical documents for thoracic, vascular-, endovascular-, and neurosurgery are not relevant to

this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial. Likewise, documents related to surgeries with no procedural overlap are not relevant to this action, and Defendants will not undertake the burden of producing them. Defendants further object to the defined term "MASSHEALTH CLAIMS DATA" to the extent that definition purports to require production of each of the identified fields of data.

Subject to and without waiving any objections, Defendants will produce a table or chart showing MassHealth claims data for orthopedic surgeries involving some degree of procedural overlap.

**REQUEST NO. 8**

All analyses, whether conducted by or obtained by MGH and PARTNERS, concerning complication rates relating to OVERLAPPING SURGERIES or CONCURRENT SURGERIES as compared to non-overlapping surgeries.

**RESPONSE NO. 8:**

Defendants object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exemption (including, without limitation, the peer-review privilege).

Subject to and without waiving any objections, Defendants will produce any non-privileged/non-protected documents that are responsive to this Request and relate to overlapping orthopedic surgery.

**REQUEST NO. 9**

All studies or other analyses conducted by or reviewed by MGH or PARTNERS regarding the risks of anesthesia, including but not limited to studies and analyses concerning elevated risks to patients associated with being under anesthesia for longer duration or prolonged periods.

**RESPONSE NO. 9:**

Defendants object to this Request because documents "regarding the risks of anesthesia" are not relevant to the subject matter of this action or to any party's claims or defenses. Defendants further object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exemption (including, without limitation, the peer-review privilege).

Subject to and without waiving any objections, Defendants will produce any non-privileged/non-protected documents that are responsive to this Request and relate to overlapping orthopedic surgery.

**REQUEST NO. 10**

All DOCUMENTS and COMMUNICATIONS regarding or RELATING TO the risks to patients from anesthesia, including but not limited to COMMUNICATIONS concerning elevated risks to patients associated with being under anesthesia for longer durations or prolonged periods.

**RESPONSE NO. 10:**

Defendants object to this Request because documents "relating to the risks to patients of anesthesia" are not relevant to the subject matter of this action or to any party's claims or defenses.  Defendants further object to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exemption (including, without limitation, the peer-review privilege).

Subject to and without waiving any objections, Defendants will produce any non-privileged/non-protected documents that are responsive to this Request and relate to overlapping orthopedic surgery.

**REQUEST NO. 11**

All DOCUMENTS and COMMUNICATIONS regarding or RELATING TO use of anesthesia for prolonged periods in OVERLAPPING or CONCURRENT surgeries, including but not limited to discussions concerning safety reports submitted through Risk MonitorPro.

**RESPONSE NO. 11:**

Defendants object to this Request because documents "relating to use of anesthesia" are not relevant to the subject matter of this action or to any party's claims or defenses. Defendants further object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exemption (including, without limitation, the peer-review privilege).

Subject to and without waiving any objections, Defendants will produce any non-privileged/non-protected documents that are responsive to this Request and relate to overlapping orthopedic surgery.

**REQUEST NO. 12**

All DOCUMENTS and COMMUNICATIONS involving Cameron D. Wright, M.D. –

MGH's Head of Quality Assurance for General Surgery – that concern or RELATE TO

OVERLAPPING SURGERIES, CONCURRENT SURGERIES, use of anesthesia in surgeries,

and procedures and policies that inform surgical patients of the role of teaching physicians,

residents, and fellows in surgeries.

**RESPONSE NO. 12**

Defendants object to this Request to the extent it seeks information protected from

disclosure by the attorney-client privilege, the work product doctrine, and/or any other

applicable privilege, immunity, or exemption (including, without limitation, the peer-review

privilege).

Subject to and without waiving any objection, Defendants will produce any non-

privileged documents that are responsive to this Request and relate to overlapping orthopedic

surgery.

**REQUEST NO. 13**

All policies or other DOCUMENTS designating specific portions of particular types of

surgeries as KEY OR CRITICAL, such as – by way of example only – any of the following 12

steps of a knee arthroplasty as KEY OR CRITICAL: patient positioning; skin incision;

arthrotomy; soft-tissue resection (e.g., fat pad, menisci, anterior cruciate ligament); tibial bone

cuts; femoral bone cuts; soft-tissue balancing; preparing the patella; assessing trial components

for range of motion and stability; implantation of final components; assessment before closure;

and closure.

**RESPONSE NO. 13:**

Defendants object to this Request to the extent it seeks information protected from

disclosure by the attorney-client privilege, the work product doctrine, and/or any other

applicable privilege, immunity, or exemption (including, without limitation, the peer-review privilege).

Subject to and without waiving any objection, Defendants will produce any non-privileged documents that are responsive to this request and relate to orthopedic surgery.

**REQUEST NO. 14**

All DOCUMENTS setting forth or RELATING TO parameters governing or RELATING TO a given teaching physician's designation of a particular portion of a surgery as KEY OR CRITICAL.

**RESPONSE NO. 14:**

Defendants object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exemption (including, without limitation, the peer-review privilege).

Subject to and without waiving any objection, Defendants will produce any non-privileged documents that are responsive to this request and relate to orthopedic surgery.

**REQUEST NO. 15**

All policies evidencing or relating to any requirements for a teaching physician to document their presence during KEY OR CRITICAL PORTIONS OF A SURGERY.

**RESPONSE NO. 15:**

Subject to and without waiving any objection, Defendants will produce any non-privileged documents responsive to this Request.

**REQUEST NO. 16**

All policies RELATING TO documentation requirements MGH had in place to establish a teaching physician's presence during the KEY OR CRITICAL PORTIONS OF A SURGERY.

**RESPONSE NO. 16:**

Subject to and without waiving any objection, Defendants will produce any non-privileged documents responsive to this Request.

**REQUEST NO. 17**

All DOCUMENTS setting forth or RELATING TO parameters that must exist for an MGH teaching physician to be considered IMMEDIATELY AVAILABLE under the following regulations and guidelines: 42 C.F.R. § 415.172(a)(1)., 130 CMR ¶ 450.275(D)(4)(a), Medicare Claims Processing Manual, 100.1.2-A Surgical Procedures at 153-155 (Jan. 4, 2010), CMS 2011 Claims Manual at 100.1.2 (Surgical Procedures) A.

**RESPONSE NO. 17:**

Defendants object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exemption (including, without limitation, the peer-review privilege).

Subject to and without waiving any objection, Defendants will produce any non-privileged documents responsive to this Request.

**REQUEST NO. 18**

All analyses, DOCUMENTS, or COMMUNICATIONS comparing MGH and PARTNERS' policies regarding overlapping or concurrent surgeries to the guidelines set forth by the American College of Surgeons ("ACS").

**RESPONSE NO. 18:**

Defendants object to this Request because the ACS guidelines are not relevant to whether overlapping surgeries were billed properly under the Medicare and Medicaid guidelines.  Defendants further object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exemption (including, without limitation, the peer-review privilege).

**REQUEST NO. 19**

All analyses, DOCUMENTS, or COMMUNICATIONS comparing MGH and PARTNERS' policies regarding the criteria that must be satisfied for teaching physicians to be considered IMMEDIATELY AVAILABLE to the guidelines set forth by ACS regarding IMMEDIATE AVAILABILITY.

**RESPONSE NO. 19:**

Defendants object to this Request because the ACS guidelines are not relevant to whether overlapping surgeries were billed properly under the Medicare and Medicaid guidelines.  Defendants further object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exemption (including, without limitation, the peer-review privilege).

**REQUEST NO. 20**

All versions of policies and all draft policies RELATING TO disclosures to patients regarding the role teaching physicians, fellows, and residents would or could play in their surgery.

**RESPONSE NO. 20:**

Defendants object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exemption.

Subject to and without waiving any objection, Defendants will produce any non-privileged documents responsive to this Request.

**REQUEST NO. 21**

All analyses, DOCUMENTS, or COMMUNICATIONS comparing MGH and PARTNERS' policies regarding or RELATING TO disclosures to patients regarding the role teaching physicians, fellows, and residents would or could play in their surgery – on the one hand – to guidelines from ACS that RELATE TO disclosures to surgical patients regarding the role teaching physicians, fellows, and residents would or could play in their surgery – on the other hand.

**RESPONSE NO. 21:**

Defendants object to this Request because the ACS guidelines are not relevant to whether overlapping surgeries were billed properly under the Medicare and Medicaid guidelines.  Defendants further object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exemption (including, without limitation, the peer-review privilege).

**REQUEST NO. 22**

All DOCUMENTS and COMMUNICATIONS identifying or RELATING TO the KEY OR CRITICAL PORTIONS OF SURGERIES in the following departments and divisions: orthopedics, vascular and endovascular surgery, and neurosurgery.

**RESPONSE NO. 22:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedic surgeries with some degree of procedural overlap:  "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients."  Complaint, ¶ 1.  Documents identifying or relating to vascular-, endovascular-, and neurosurgery are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial.  Likewise, documents related to surgeries with no procedural overlap are not relevant to this action, and Defendants will not undertake the burden of producing them.  Defendants further object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exemption (including, without limitation, the peer review privilege).

Subject to and without waiving any objection, Defendants will produce non-privileged, responsive documents relating to orthopedic surgical procedures.

**REQUEST NO. 23**

All DOCUMENTS produced to the United States Attorneys' Office for the District of Massachusetts and/or the Massachusetts Attorney General's Office in conjunction with any

subpoena, civil investigative demand, or other request for documents issued in connection with Relator's case or otherwise involving MGH's billing practices and scheduling of surgeries.

**RESPONSE NO. 23:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses.

Subject to and without waiving any objection, Defendants will produce documents produced to the United States Attorneys' Office for the District of Massachusetts and/or the Massachusetts Attorney General's Office in conjunction with any subpoena, civil investigative demand, or other request for documents issued in connection with Plaintiff-Relator's case.

**REQUEST NO. 24**

All documents reflecting payments made by Medicare to MGH pursuant to Medicare's Direct Graduate Medical Education (DGME) program.

**RESPONSE NO. 24:**

Defendants object to this Request to the extent it is more appropriate for interrogatory discovery and/or seeks to circumvent the limitations placed on interrogatories by FRCP 33(a)(1).

**REQUEST NO. 25**

All policies setting forth the parameters for surgeries that could be performed by ACGME residents, including but not limited to, DOCUMENTS identifying the training each such resident needed to perform and/or assist in such surgery.

**RESPONSE NO. 25:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses.

The complaint is focused on orthopedic surgeries with some degree of procedural overlap: "This case concerns the many occasions when MGH orthopedic surgeons ... booked two or three surgeries, each lasting three hours or more, for different patients."  Complaint, ¶ 1.  Documents relating to non-orthopedic surgeries are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial.

Subject to and without waiving any objection, Defendants will produce credentialing and/or privileges documentation setting forth the parameters for surgeries that could be performed by ACGME orthopedic residents and the training required to do so.

**REQUEST NO. 26**

All policies setting forth the parameters for surgeries that could be performed by non-ACGME residents, including but not limited to, DOCUMENTS identifying the training each such resident needed to perform and/or assist in such surgery.

**RESPONSE NO. 26:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedic surgeries with some degree of procedural overlap: "This case concerns the many occasions when MGH orthopedic surgeons ... booked two or three surgeries, each lasting three hours or more, for different patients."  Complaint, ¶ 1.  Documents relating to non-orthopedic surgeries are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial.

Subject to and without waiving any objection, Defendants will produce credentialing and/or privileges documentation setting forth the parameters for surgeries that could be performed by non-ACGME orthopedic residents and the training required to do so.

**REQUEST NO. 27**

All policies setting forth the parameters for surgeries that could be performed by ACGME fellows, including but not limited to, DOCUMENTS identifying the training each such fellow needed to perform and/or assist in such surgery.

**RESPONSE NO. 27:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedic surgeries with some degree of procedural overlap: "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients."  Complaint, ¶ 1.  Documents relating to non-orthopedic surgeries are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial.

Subject to and without waiving any objection, Defendants will produce credentialing and/or privileges documentation setting forth the parameters for surgeries that could be performed by ACGME fellows and the training required to do so.

**REQUEST NO. 28**

All policies setting forth the parameters for surgeries that could be performed by non-ACGME fellows, including but not limited to, DOCUMENTS identifying the training each such fellow needed to perform and/or assist in such surgery.

**RESPONSE NO. 28:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedic surgeries with some degree of procedural overlap: "This

case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients."  Complaint, ¶ 1.  Documents relating to non-orthopedic surgeries are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial.

Subject to and without waiving any objection, Defendants will produce credentialing and/or privileges documentation setting for the parameters for surgeries that could be performed by non-ACGME orthopedic fellows and the training required to do so.

**REQUEST NO. 29**

All DOCUMENTS concerning or RELATING TO payment received by MEDICARE and MASSHEALTH for surgeries performed by ACGME fellows.

**RESPONSE NO. 29:**

Defendants object to this Request because it is overly broad, unduly burdensome, duplicative, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedic surgeries with some degree of procedural overlap:  "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients."  Complaint, ¶ 1.  Payments received for non-orthopedic surgeries are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial.  Defendants further object to the Request because the phrase "performed by" is vague and ambiguous.  Moreover, Defendants' responses to other document requests will permit Relator to discern the information requested.

**REQUEST NO. 30**

All DOCUMENTS concerning or RELATING TO payment received by MEDICARE and

MASSHEALTH for surgeries performed by non-ACGME fellows.

**RESPONSE NO. 30:**

Defendants object to this Request because it is overly broad, unduly burdensome, duplicative, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedic surgeries with some degree of procedural overlap: "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients." Complaint, ¶ 1. Payments received for non-orthopedic surgeries are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial. Defendants further object to the Request because the phrase "performed by" is vague and ambiguous. Moreover, Defendants' responses to other document requests will permit Relator to discern the information requested.

**REQUEST NO. 31**

All DOCUMENTS concerning or RELATING TO payment received by MEDICARE and MASSHEALTH for surgeries performed by ACGME residents.

**RESPONSE NO. 31:**

Defendants object to this Request because it is overly broad, unduly burdensome, duplicative, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedic surgeries with some degree of procedural overlap: "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients." Complaint, ¶ 1. Payments received for non-orthopedic surgeries are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would

be substantial.  Defendants further object to the Request because the phrase "performed by" is vague and ambiguous.  Moreover, Defendants' responses to other document requests will permit Relator to discern the information requested.

**REQUEST NO. 32**

All DOCUMENTS concerning or RELATING TO payment received by MEDICARE and MASSHEALTH for surgeries performed by non-ACGME residents.

**RESPONSE NO. 32:**

Defendants object to this Request because it is overly broad, unduly burdensome, duplicative, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedic surgeries with some degree of procedural overlap:  "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients."  Complaint, ¶ 1.  Payments received for non-orthopedic surgeries are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial.  Defendants further object to the Request because the phrase "performed by" is vague and ambiguous.  Moreover, Defendants' responses to other document requests will permit Relator to discern the information requested.

**REQUEST NO. 33**

DOCUMENTS sufficient to identify by name all ACGME fellows in the following departments: orthopedics, vascular and endovascular surgery, and neurosurgery.

**RESPONSE NO. 33:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses.

The complaint is focused on orthopedics:  "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients."   Complaint, ¶ 1.   Documents relating to vascular-, endovascular-, and neurosurgery are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial.  Defendants further object to this Request to the extent it is more appropriate for interrogatory discovery and/or seeks to circumvent the limitations placed on interrogatories by FRCP 33(a)(1).

Subject to and without waiving any objection, Defendants will produce a table or chart identifying ACGME orthopedics fellows during the relevant time period.

**REQUEST NO. 34**

DOCUMENTS sufficient to identify by name all non-ACGME fellows in the following departments: orthopedics, vascular and endovascular surgery, and neurosurgery.

**RESPONSE NO. 34:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedics:  "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients."   Complaint, ¶ 1.   Documents relating to vascular-, endovascular-, and neurosurgery are relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial.  Defendants further object to this Request to the extent it is more appropriate for interrogatory discovery and/or seeks to circumvent the limitations placed on interrogatories by FRCP 33(a)(1).

Subject to and without waiving any objection, Defendants will produce a table or chart identifying non-ACGME orthopedics fellows during the relevant time period.

**REQUEST NO. 35**

DOCUMENTS sufficient to identify by name all ACGME residents in the following departments: orthopedics, vascular and endovascular surgery, and neurosurgery.

**RESPONSE NO. 35:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. The complaint is focused on orthopedics: "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients." Complaint, ¶ 1. Documents relating to vascular-, endovascular-, and neurosurgery are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial. Defendants further object to this Request to the extent it is more appropriate for interrogatory discovery and/or seeks to circumvent the limitations placed on interrogatories by FRCP 33(a)(1).

Subject to and without waiving any objection, Defendants will produce a table or chart identifying ACGME orthopedics residents during the relevant time period.

**REQUEST NO. 36**

DOCUMENTS sufficient to identify by name all non-ACGME residents in the following departments: orthopedics, vascular and endovascular surgery, and neurosurgery.

**RESPONSE NO. 36:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses.

27

The complaint is focused on orthopedics:  "This case concerns the many occasions when MGH orthopedic surgeons … booked two or three surgeries, each lasting three hours or more, for different patients."   Complaint, ¶ 1.   Documents relating to vascular-, endovascular-, and neurosurgery are not relevant to this action, and there is no compelling reason to permit such discovery, particularly where the burden on Defendants would be substantial.  Defendants further object to this Request to the extent it is more appropriate for interrogatory discovery and/or seeks to circumvent the limitations placed on interrogatories by FRCP 33(a)(1).

Subject to and without waiving any objection, Defendants will produce a table or chart identifying non-ACGME orthopedics residents during the relevant time period.

## REQUEST NO. 36[2]

An unredacted copy of the 2012 report prepared by Donald Stern that is mentioned in the following URL: https://www.massgeneral.org/news/assets/pdf/surgery-faq.pdf.

## RESPONSE NO. 36:

Defendants object to this Request because it seeks information protected from disclosure by the attorney-client privilege and the work product doctrine, and to the extent it reflects information protected by the peer review privilege.

## REQUEST NO. 37

All DOCUMENTS produced in any other action – including but not limited to *Burke v. The General Hospital Corp., et al.* Civil Action No. 1784-cv-02876-G (Mass. Sup. Ct.) – in which MGH and PARTNERS were defendants and where allegations included the following subjects: OVERLAPPING SURGERIES, CONCURRENT SURGERIES, alleged Medicare

---

[2] Defendants note that there are two separate Request Nos. 36 in Plaintiff-Relator's Requests.  Defendants have maintained Plaintiff-Relator's numbering for consistency.

fraud in connection with OVERLAPPING SURGERIES and CONCURRENT SURGERIES, elevated risks to patients because of prolonged anesthesia associated with OVERLAPPING SURGERIES and CONCURRENT SURGERIES, and failure to adequately inform surgical patients as to the roles teaching physicians, fellows, and residents would play in their surgery.

**RESPONSE NO. 37:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses. Relator has had an ample opportunity to identify specific categories of documents in these requests; she should not be allowed to obtain discovery from other cases involving issues unrelated to the narrow issue of whether Defendants' billing for overlapping orthopedic surgeries complied with applicable Medicare and/or Medicaid billing guidelines or rules.

**REQUEST NO. 38**

All patient complaints alleging that they were not adequately informed of YOUR practices regarding OVERLAPPING and CONCURRENT SURGERIES, including allegations that patients did not understand the role that teaching physicians, fellow, and residents where to play in their surgery.

**RESPONSE NO. 38:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks documents not relevant to the subject matter of this action or to any party's claims or defenses.

Subject to and without waiving any objection, Defendants will produce non-privileged documents responsive to this Request for orthopedic surgeries involving some degree of procedural overlap.

**REQUEST NO. 39**

All contracts, including employment or compensation contracts, between MGH or

PARTNERS and Dr. J.P. Warner, Dr. Mark Varahas, Dr. Malcolm Smith, Dr. Kirkham Wood,

and Dr. Matthew Provencher.

**RESPONSE NO. 39:**

Defendants object to this Request because it seeks documents not relevant to the

subject matter of this action or to any party's claims or defenses.

Subject to and without waiving any objection, Defendants will produce non-privileged

documents responsive to this Request upon entry of a protective order or execution of a

confidentiality agreement pursuant to which such documents will be treated as confidential.

**REQUEST NO. 40**

All COMMUNICATIONS between Rasky Baerlein Strategic Communications and any

MGH or PARTNER employees or executives RELATING TO the following subjects:

OVERLAPPING SURGERIES, CONCURRENT SURGERIES, use of anesthesia during

surgeries, informing patients as to the role teaching physicians, fellows, and residents would play

in their surgeries, IMMEDIATE AVAILABILITY of teaching physicians, KEY AND

CRITCIAL PORTIONS OF SURGERIES, comparisons between ACS guidance and MGH and

PARTNERS' policies on any of the foregoing subjects, and the story published by the Spotlight

Team of the Boston Globe that was titled "Clash in the Name of Care".

**RESPONSE NO. 40:**

Defendants object to this Request because it is overly broad, unduly burdensome, and

seeks documents not relevant to the subject matter of this action or to any party's claims or

defenses.  Defendants also object to this Request because the ACS guidelines are not relevant

to whether overlapping surgeries were billed properly under the Medicare and Medicaid guidelines. Defendants also object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exemption.

Subject to and without waiving any objection, Defendants will produce any non-privileged documents responsive to this Request.

## REQUEST NO. 41

Documents identified by applying search terms to which Relator agrees to electronic documents and email files of the following MGH and PARTNERS current and former employees and executives: (1) all individuals identified in Relator's Initial Disclosures; (2) Catherine O'Malley, R.N., (3) Scott Farren, R.N., (4) Wilton Levine, M.D., (5) Patrice M. Osgood, R.N. (6) May C. Pian-Smith, M.D., (7) Dawn L. Tenney, R.N., (8) Paula S. Moran, and (9) Greg Pauly.

## RESPONSE NO. 41:

Defendants object to this Request because Relator has not identified any search terms and, therefore, Defendants are unable to assess the reasonableness of the request.

Dated: September 30, 2019         FOLEY HOAG LLP

*/s/* K. Neil Austin
Martin F. Murphy (BBO# 363250)
*mmurphy@foleyhoag.com*
Neil Austin (BBO #657204)
*naustin@foleyhoag.com*
Julia G. Amrhein (BBO# 684912)
*jamrhein@foleyhoag.com*
Madeleine K. Rodriguez (BBO# 684394)
*mrodriguez@foleyhoag.com*
155 Seaport Boulevard

31

Boston, MA 02210
Tel:  (617) 832-1000
Fax (617) 832-7000

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2019, a true and complete copy of the foregoing document was served upon counsel of record for defendant via e-mail, pursuant to the parties' agreement.

*/s/* K. Neil Austin
K. Neil Austin