# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA and the COMMONWEALTH OF MASSACHUSETTS   : <br><br> : <br> Plaintiffs,  : <br> *ex rel.*  : <br> : <br> LISA WOLLMAN, M.D.  : <br> : <br> Plaintiff-Relator,  : <br> : <br> v.  : <br> : <br> MASSACHUSETTS GENERAL HOSPITAL INC., THE MASSACHUSETTS GENERAL HOSPITAL'S PHYSICIAN'S ORGANIZATION and PARTNERS HEALTHCARE SYSTEM, INC.  : <br> : <br> Defendants.  : | **Civil Action 15-11890-ADB** |

## DECLARATION OF TRACI L. BUSCHNER IN SUPPORT OF RELATOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to 28 U.S.C. ¶ 1746, I, TRACI L. BUSCHNER declare as follows:

1.     I am a partner at the law firm of Guttman, Buschner & Brooks PLLC, attorneys for Plaintiff-Relator Lisa Wollman, M.D. (the "Relator"). I am a member in good standing with the state Bars of Kentucky and the District of Columbia and am admitted to practice *pro hac vice* in the District of Massachusetts. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.     This Declaration seeks to address some of the discovery agreements and rulings with regard to discovery produced by Defendants in this case relevant to Relator's motion for

partial summary judgment. It also addresses the filing of the parties Joint Statement of

Undisputed Fact with regard to the parties cross-motions for summary judgment.

3.      I have been personally involved in the collection of fact discovery in this case,

including the negotiation with Defendants regarding the scope of discovery produced by them

pursuant to Relator's discovery requests, as well as hearings on these matters before Magistrate

Judge Judith Dein.

### Defendants Imposed Limitations on Relator's Discovery

4.      In August and September of 2019, Relator served her initial requests for

documents and interrogatories on Defendants.

5.      Relevant here, Relator's discovery requests sought patient records, operating

room schedules, and bills to government payers, including Medicare and Medicaid, with respect

to overlapping surgeries from 2005 to the present. *See* Dkt. No. 185-5 (summary of discovery

requests).

6.      In response to Relator's requests for discovery, Defendants sought to impose

numerous limitations on their production including, but not limited to, (a) narrowing their

production to 2011 to the present; and (b) eliminating any production outside the orthopedics

department.

7.      On February 24, 2020, Relator filed a motion to compel, among other things, (1)

discovery from several departments outside of orthopedics and (2) discovery from 2005 to the

present.[1]   Dkt. Nos. 130, 131.

---

[1] Relator maintained in her brief that discovery be provided during the entire statute of
limitations available in this case, which is ten years prior to the filing of the complaint (May
2015). Dkt. No. 131, at 3.

8.       Magistrate Judge Dein held a hearing on April 7, 2020, with regard to Relator's motion to compel.[2] At the hearing, Judge Dein imparted her initial thoughts on the scope of discovery – including the time period and the surgical departments outside of orthopedics – but did not issue a ruling as the parties agreed to negotiate further and report back to the Court. April 7, 2020 Hr'g Tr., at 106-09, excerpts attached hereto as Exhibit A.

9.       After negotiation, the parties agreed to a January 1, 2008 discovery cut-off with regard to the production of surgical records and interrogatory responses by Defendant and reported this to the Court. Dkt. No. 161,[3] at 2-3.

10.      Ultimately, the parties could not agree on discovery related to other departments outside of orthopedics and the Court held another hearing, on May 6, 2020, with regard to that issue, among other discovery disputes.

11.      At the hearing on this matter, Magistrate Judge Dein ordered Defendants to provide summary charts showing overlapping surgery in departments across MGH, including those outside of orthopedics, to Relator but denied discovery related to "back up materials for those other departments." May 6, 2020 Hr'g Tr., at 33, excerpt attached hereto as Exhibit B. Notwithstanding, the Court indicated that should Relator gather more information about overlapping surgeries in other departments, she could come back to the Court if there was critical information needed. *Id.* The Court issued an Order on May 18, 2020, Dkt. No. 173, consistent with her ruling at the May 6 hearing.

---

[2] The hearing also included argument on Relator's motion to compel the Donald Stern Memorandum, which was being withheld by the Defendants on the basis of attorney-client privilege.

[3] Joint Status Report Regarding Efforts to Resolve Relator's Motion To Compel Certain Discovery Pursuant to Relator's First Set of Interrogatories and First Set of Requests for Documents ("Joint Status Report"), filed April 17, 2020.

Medicare and Medicaid Claims Data

12.     In response to Relator's discovery request for bills transmitted to the government related to overlapping surgery, Defendants proposed that they provide a summary chart rather than the actual bills. Relator agreed.

13.     When the summary charts were produced, Defendants only provided Part B claims data, meaning the surgeon's bills, to Relator.

14.     Relator sought to compel production of Part A claims, Dkt. Nos. 185, 185-5, including hospital and anesthesia claims data, related to overlapping surgeries provided in discovery. Magistrate Judge Dein took up the issue at a discovery hearing, but thereafter the parties agreed to defer the issue to Judge Burroughs after summary judgment in connection with damages. See Dkt. No. 198, at 3; see also Dkt. No. 202 ("All fact discovery, with the exception of damages discovery by Relator, shall be completed by 12/18/2020").

15.     In defense of this action, Defendants have claimed that some of the overlapping surgeries that Relator has identified were not billed pursuant to the Teaching Physician Rule, but that the teaching physician actually billed the fellow who was assisting during overlapping surgery as a First Assistant to the government. In this situation, the government pays for both the teaching physician's work and the First Assistant's work in the surgery. The summary chart of claims does not appear to set forth which claims are billed in this manner, nor does it appear to show the additional bills by the First Assistant to the government.

Statement of Undisputed Facts Pertaining to Relator's Motion for PSJ

16.     Defendants are filing a cross-motion for Summary Judgment. To streamline the filing of a Joint Statement of Undisputed Facts ("Joint Filing") pertaining to both briefs, the parties conferred and agreed withhold filing such filing until the opposition or reply briefs are

4

due.  To that end, the parties planned only to serve their respective Statements of Undisputed

Facts on each other on July 15, 2021, rather than filing them with the Court on this date.

17.     I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.


Dated:  July 15, 2021

Traci L. Buschner

# EXHIBIT A

```
 1                     UNITED STATES DISTRICT COURT
                        DISTRICT OF MASSACHUSETTS
 2


 3    UNITED STATES OF AMERICA and
      the COMMONWEALTH OF
 4    MASSACHUSETTS,
                 Plaintiffs, ex rel.        No. 1-15-cv-11890-ADB
 5    vs.
      LISA WOLLMAN, M.D.,
 6              Plaintiff-Relator,
      vs.
 7    THE GENERAL HOSPITAL
      CORPORATION (dba the
 8    Massachusetts General
      Hospital), THE MASSACHUSETTS
 9    GENERAL HOSPITAL'S PHYSICIAN'S
      ORGANIZATION and PARTNERS
10    HEALTHCARE SYSTEM, INC.,

11              Defendants.

12


13              BEFORE THE HONORABLE JUDITH G. DEIN
                  UNITED STATES MAGISTRATE JUDGE
14                  TELEPHONIC MOTION HEARING

15

16
           John Joseph Moakley United States Courthouse
17                       Courtroom No. 15
                        One Courthouse Way
18                  Boston, Massachusetts 02210

19
                          April 7, 2020
20                         2:36 p.m.

21


22              Kristin M. Kelley, RPR, CRR
                    Official Court Reporter
23        John Joseph Moakley United States Courthouse
                  One Courthouse Way, Room 3209
24                Boston, Massachusetts 02210
                   E-mail: kmob929@gmail.com
25
           Mechanical Steno - Computer-Aided Transcript
```

```
 1    APPEARANCES:

 2

 3            Reuben A. Guttman

 4            Traci L. Buschner

 5            Guttman Buschner & Brooks PLLC

 6            Suite 300

 7            2000 P Street

 8            Washington, DC 20036

 9            202-800-3001

10            rguttman@gbblegal.com

11            for Relator.

12

13            Justin S. Brooks

14            Guttman, Buschner & Brooks, PLLC

15            7th Floor

16            1701 Walnut Street

17            Philadelphia, PA 19103

18            202-800-3001

19            jbrooks@gbblegal.com

20            for Relator.

21

22

23

24

25
```

```
 1   APPEARANCES:

 2

 3          Neerja Sharma

 4          Burns & Levinson LLP

 5          125 Summer Street

 6          Boston, MA 02110

 7          617-345-3000

 8          nsharma@burnslev.com

 9          for Relator.

10

11          Martin F. Murphy

12          Kristopher N. Austin

13          Julia G. Amrhein

14          Aaron F. Lang

15          Foley Hoag LLP

16          155 Seaport Boulevard

17          Boston, MA 02210

18          617-832-1213

19          mmurphy@foleyhoag.com

20          for Defendants.

21

22

23

24

25
```

1    they're talking about here is with regard to these surgical

2    records, but as I pointed out before, it seemed like it took

3    them six weeks to get this 4,500.  I'm not saying that's a

4    small amount of time or money or whatever, but if they got

5    4,500 in six weeks, I'm not sure why it's so burdensome to

6    produce the remaining 5,000 orthopedics or maybe some other

7    claims and other departments that have already been culled.

8            As I understand part of their documents, and we've

9    seen this in the documents, page by page redacting patient

05:41 10    names and leaving the medical record numbers only.  As like

11    under the protective order, I can't disclose that information.

12    I can't put that in a pleading.  I can't take it and give it to

13    anyone.  I can't use the information that I've derived from it

14    to talk to other people.  So I don't understand why there's so

15    much time and effort being placed on redacting names from

16    HIPAA.  I did some research on it.  It's not exhaustive, but I

17    have not seen any requirement that under a protective order

18    these documents have to be painstakingly redacted.  I'm

19    surmising from this that that's taking up a lot of time.

05:42 20            THE COURT:  So I am going to -- this is where I'm

21    inclined to go.  Okay?  I think it goes back to 2008.  I don't

22    think it covers the other departments, except perhaps to the

23    extent that there are cumulative analyses and perhaps specific

24    litigation.  I don't know, having said that, whether the

25    Department of Justice limitation of 20 -- the documents that

```
 1   were pulled in 2009 and 2010 would be sufficient for the

 2   plaintiff.  I want you to think about that.  And I want you to

 3   think about whether or not there's a way to limit the e-mail

 4   production.

 5          My thought process on the other departments, and I

 6   will have to think about this to really explain it, but I don't

 7   see anything in the complaint raises the issue of the other

 8   departments.  I don't know whether or not if you get down to

 9   damages whether there's a different argument that can be made

05:43 10  as to whether you should get additional discovery on the

11   damages issue.  I don't know.  Right now the complaint that I

12   have is an orthopedics complaint.  I don't see any grounds for

13   expanding that at this moment.  So that's where I am.

14          Does it make sense?  I can say that and end it or does

15   it make sense to say, you guys talk, let's get together the

16   beginning of next week, the end of this week and see where we

17   are and whether or not you need more specific rulings?

18          MR. GUTTMAN:  Your Honor, as always, the federal rules

19   are supposed to be construed for efficiency, so talking is

05:44 20  always a good thing.  We're happy to do that.  There may be

21   some mechanism to do some summary analysis with regard to the

22   other departments.  I'm just thinking out loud, your Honor.

23   Maybe with the Court's indulgence if it's possible on this

24   issue to take some time, less than a week, five days, and see

25   if counsel can visit this and then revisit with your Honor and
```

```
 1    see if we need some help.

 2              THE COURT:  Talking always works for me.  Why don't I

 3    say this.  Why don't you report back -- it's only Tuesday.  Why

 4    don't you report back next Tuesday.  Let Mr. Quinn know if you

 5    need a formal hearing before me.  Actually, why don't you

 6    file -- I'm trying to think the best way to do it.  Want to

 7    give me a brief status report next Tuesday?

 8              MR. GUTTMAN:  We feel like we have some momentum.  I

 9    hate to ask whether your Honor is actually at work and that's a

05:45 10    fake backdrop but I think your Honor's not coming in just for

11    us.

12              THE COURT:  I'm not telling.  But isn't it cool

13    though?  And this is a real robe.  I'm working full-time.

14    Where I'm working is sort of not relevant.  Some days it's here

15    and some days it's there, but I am working full-time.  So I'm

16    happy to continue this.  What works best?  I want you guys to

17    have some time to have some substantive conversation.  I can

18    just set up another Zoom and you can tell me how you're doing

19    and whether or not you want to continue this.

05:46 20              MR. MURPHY:  Two things, your Honor.  I think that

21    would be great.  I do think it would be useful for us to talk,

22    but after we've talked to provide an outline to you in writing

23    so we use the time more efficient, not elaborate, with you just

24    a set of bullet points about what we've agreed upon and what

25    remain in dispute so you have something going in to give you an
```

```
 1    idea of where we are.

 2              THE COURT:  What kind of time do you think you need?

 3    The calendar's not that full these days.  I've got work to do

 4    but I'm not in court all the time.

 5              MR. MURPHY:  Maybe a week.  Maybe toward the middle of

 6    next week?

 7              MS. BUSCHNER:  Maybe ten days.  That would give us a

 8    couple extra days just to get the filing.  I know it's not

 9    going to be robust, but I think to talk back and forth and if

05:47 10   we could get something to you and if we still need a hearing,

11    we could request a hearing and make whatever we're going to

12    provide to you in writing.

13              THE COURT:  Does that work?  Why don't we say that.

14    What's ten days?  You're talking next Thursday, Friday?  Next

15    Friday?

16              MR. GUTTMAN:  Next Friday is good, your Honor.

17              THE COURT:  Next Friday file a joint status report.

18    Let me know if you need formal ruling and whether or not you

19    need a further hearing.  Okay?  I'm basically continuing this

05:48 20   the matter.

21              MS. BUSCHNER:  Okay.

22              THE COURT:  But I am telling you, if I'm going to

23    rule, I'm telling you about where I'm ruling.  Okay?

24              MR. MURPHY:  Your Honor, one other thing.  Should I

25    just reach out to Mr. Quinn to try to arrange?
```

# EXHIBIT B

1                    UNITED STATES DISTRICT COURT

2                     DISTRICT OF MASSACHUSETTS

3       _____

4       LISA WOLLMAN, M.D.,
        UNITED STATES OF AMERICA, ex rel.,
5       COMMONWEALTH OF MASSACHUSETTS,
        ex rel.,
6
                          Plaintiffs,        Civil Action
7                                            No. 15-cv-11890-ADB
        v.
8                                            May 6, 2020
        MASSACHUSETTS GENERAL HOSPITAL,
9       et al.,

10                        Defendants.        Pages 1 to 35

11      _____

12

13

14           TRANSCRIPT OF HEARING VIA ZOOM VIDEOCONFERENCE
              BEFORE THE HONORABLE JUDITH G. DEIN
15                 UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

16

17

18

19

20

21

22
                        JOAN M. DALY, RMR, CRR
23                       Official Court Reporter
                    John J. Moakley U.S. Courthouse
24                  One Courthouse Way, Room 5507
                         Boston, MA  02210
25                     joanmdaly62@gmail.com

2

```
1   APPEARANCES:

2
    FOR THE PLAINTIFF/RELATOR:
3
    Reuben A. Guttman
4   Guttman Buschner & Brooks PLLC
    Suite 300
5   2000 P Street
    Washington, DC 20036
6   202-800-3001
    Email: Rguttman@gbblegal.com
7
    Traci L. Buschner
8   Guttman Buschner & Brooks PLLC
    Suite 300
9   2000 P Street
    Washington, DC 20020
10  202-800-3001
    Email: Tbuschner@gbblegal.com
11
    Neerja Sharma
12  Burns & Levinson LLP
    125 Summer Street
13  Boston, MA 02110
    (617) 345-3000
14  Email: Nsharma@burnslev.com

15
    FOR THE DEFENDANT:
16
    Kristopher N. Austin
17  Foley Hoag LLP
    155 Seaport Boulevard
18  Seaport World Trade Center West
    Boston, MA 02210
19  617-832-3051
    Fax: 617-832-7000
20  Email: Naustin@foleyhoag.com

21  Martin F. Murphy
    Foley Hoag LLP
22  155 Seaport Boulevard
    Boston, MA 02210
23  617-832-1213
    Fax: 617-832-7000
24  Email: Mmurphy@foleyhoag.com

25
```

```
 1    APPEARANCES (cont.)

 2    Aaron F. Lang
      Foley Hoag LLP
 3    155 Seaport Boulevard
      Seaport World Trade Center West
 4    Boston, MA 02210
      617-832-3064
 5    Email: Alang@foleyhoag.com

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          THE COURT:  I will issue a decision.  I will do it

2     based on my understanding of the ruling so far and the

3     interpretation of the complaint.  If you think that I am

4     misconstruing what the parameters of this case are, you can

5     appeal me and have further clarification from the District

6     Judge.  But I am making this determination on what I see as

7     is my snapshot view of the case of what the scope of the

8     issues are in this case.

9          It's going to take me a little bit to get that

10    decision out.  In case you can't tell, I'm running way

11    behind.  I will issue that.  And that's the basis of my

12    decision.  But I do think that all of the -- I do think -- I

13    don't think.  I'm ordering that all the charts need to be

14    produced.  All the source materials for the orthopedic

15    department need to be produced.  The time period you've

16    agreed upon is fine.

17         So really my decision is limited to what needs to

18    be produced with respect to the other departments, and I

19    don't think you need back up materials for those other

20    departments.  I'm assuming that in the scope of discovery

21    you'll gather more information about what these charts mean

22    and the like.  And at that point if you think that there's

23    some critical information that you need, I'm assuming that

24    you will always come back if you have another argument to

25    make.  But that's my understanding of the scope of this case.